12-740-cv
Wells Fargo Sec. LLC v. Senkowsky

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall Courthouse, 40 Foley Square, in the City of New York, on the 21st day of February, two thousand thirteen.

Present:
> ROBERT A. KATZMANN,
> GERARD E. LYNCH,
> > *Circuit Judges*,
> ROSLYNN R. MAUSKOPF,[*]
> > *District Judge*.

---

WELLS FARGO SECURITIES LLC,

> *Plaintiff-Appellee*,

> v.                                        No. 12-740-cv

ROBERT SENKOWSKY, LORRAINE SENKOWSKY,
CAROL CIARO, ERNIE HOECHNER, PRISCILLA HOECHNER,
DAVID VOLPE, JOHN VOLPE, KIM VOLPE, BEATRIZ BLOCK,
GARY LINN, COASTAL UROLOGY PENSION PLAN,

> *Defendants-Appellants*.

---

[*] The Honorable Roslynn R. Mauskopf, of the United States District Court for the Eastern District of New York, sitting by designation.

For Plaintiff-Appellee:                    CORY HOHNBAUM (Adam M. Conrad, *on the brief*),
                                           King & Spalding LLP, Charlotte, NC

For Defendants-Appellants:                 DAN A. DRUZ, Belmar, NJ


        Appeal from the United States District Court for the Southern District of New York
(Castel, *J.*).

        **ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and

**DECREED** that the judgment of the district court be and hereby is **REVERSED**.

        Defendants-Appellants (collectively, "the investors") appeal from an order entered on

February 10, 2012 by the United States District Court for the Southern District of New York

(Castel, *J.*). That order preliminarily enjoined the investors from arbitrating certain claims they

had raised against Plaintiff-Appellee Wells Fargo Securities LLC ("Wells Fargo"). On January

28, 2011, the investors filed a statement of claim before an arbitration panel. On April 13, 2011,

Wells Fargo and the investors agreed to arbitrate "the present matter in controversy, as set forth"

in the investors' statement of claim. J. App'x 32. Subsequently, the investors amended their

statement of claim, adding references to eleven securities that their earlier statement had not

identified. On January 17, 2012, Wells Fargo moved for a preliminary injunction barring

arbitration of any claim based on the eleven newly identified securities. The district court

granted the motion on February 10, 2012. We assume the parties' familiarity with the relevant

facts, procedural history, and issues presented for review.

        "The district court has wide discretion in determining whether to grant a preliminary

injunction, and this Court reviews the district court's determination only for abuse of discretion."

*Grand River Enter. Six Nations, Ltd. v. Pryor*, 481 F.3d 60, 66 (2d Cir. 2007) (per curiam)

(internal quotation marks omitted). "[A]buse of discretion usually consists of clearly erroneous

2

findings of fact or the application of an incorrect legal standard." *Id.* (internal quotation marks omitted). A finding of fact is clearly erroneous if "we are left with the definite and firm conviction that a mistake has been committed." *Bessemer Trust Co., N.A. v. Branin*, 618 F.3d 76, 85 (2d Cir. 2010) (internal quotation marks omitted).

"[A]rbitration is simply a matter of contract between the parties; it is a way to resolve those disputes—but only those disputes—that the parties have agreed to submit to arbitration." *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 943 (1995). Because arbitration is a matter of contract, "[w]hen deciding whether the parties agreed to arbitrate a certain matter[,] . . . courts generally . . . should apply ordinary state-law principles that govern the formation of contracts." *Id.* at 944. Under New Jersey law, which governs the parties' agreement, the "interpretation of an ambiguous contract . . . is a question of the parties' intent." *In re Barclay Indus., Inc.*, 736 F.2d 75, 78 (3d Cir. 1984).

We think that the district court erred when interpreting the parties' Uniform Submission Agreement ("USA").[1] The USA covered the "matter" described in the investors' initial statement of claim. J. App'x at 32. That statement of claim (1) specified that the investors "did not all participate in identical . . . products," (2) referred "by way of example, but not limitation," to one specific security in which "a number [had] invested," and (3) mentioned "other publicly traded securities" when describing the investors' securities fraud claims. *Id.* at 23, 28. Contrary to the district court's conclusion, these references to multiple securities would put a "fair-minded person . . . on notice that . . . several and varied . . . securities would be in the suit in the

---

[1] We do not address the issue of whether an arbitrator should have interpreted the scope of the USA, *see generally Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79 (2002), concluding instead that, even if the district court properly considered the agreement's scope, it erred in granting a preliminary injunction.

arbitration." *Id.* at 244. Indeed, Wells Fargo's answer to the initial statement of claim recognized that the investors' claims covered multiple investments and requested a more definite statement "setting forth the investments" at issue. *Id.* at 74. Because Wells Fargo knew that the arbitration would cover multiple securities, but did not know precisely which ones, its execution of the USA revealed that it intended to arbitrate claims based on any security for which it had served as a "lead underwriter." *Id.* at 23. Thus, the district court erred when it interpreted the USA not to cover claims based on the additional securities identified in the investors' amended pleading.

We have considered Wells Fargo's remaining arguments and find them to be without merit. For the reasons stated herein, the judgment of the district court is **REVERSED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

4